UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANTIK T. SMITH,

                Plaintiff,

            v.

CITY OF NEW YORK; WEST FACILITY;
BRAD LANDER; E.M.T.C.,

                Defendants.

25 Civ. 1551 (KPF)

**ORDER OF SERVICE**

KATHERINE POLK FAILLA, District Judge:

    Plaintiff, who currently is incarcerated at the West Facility on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated May 12, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see*

---

[1]     Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*Abbas* v. *Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

**A.    Dismissed Defendants**

    **1.    West Facility and EMTC**

Plaintiff names as Defendants two jails on Rikers Island, West Facility and the Eric M. Taylor Center ("EMTC"), which are facilities operated by the New York City Department of Correction ("DOC").  Agencies of the City of New York cannot be sued in the name of the agency, unless state law provides otherwise.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Edwards* v. *Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)).

Under New York law, neither the DOC nor the facilities it operates have the capacity to be sued.  *Rivera* v. *Rikers Island, C 74*, No. 02 Civ. 1560 (PKC) (FM), 2004 WL 1305851, *1 (S.D.N.Y. May 13, 2004) (dismissing claims against Rikers Island, C 74 "[b]ecause DOC facilities and DOC itself are … not suable entities").  Claims against these entities must instead be brought against the City of New York.

Accordingly, the Court dismisses Plaintiff's claims under Section 1983 against the West Facility and EMTC for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

### 2. Brad Lander

To state a claim under Section 1983, a plaintiff must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone* v. *N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti* v. *Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendant Brad Lander was personally involved in violating Plaintiff's constitutional rights during his detention on Rikers Island. Plaintiff's claims against Brad Lander are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Waiver of Service**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

## CONCLUSION

The Court dismisses Plaintiff's claims against Brad Lander, West Facility, and the EMTC. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant City of New York waive service of summons.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:  May 22, 2025
        New York, New York

　　　　　　　　　　　　　　　　　　　　　　　KATHERINE POLK FAILLA
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge