UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANTIK SMITH, | |
| Plaintiff, | 25 Civ. 1551 (KPF) |
| -v.- | **VALENTIN ORDER** |
| CITY OF NEW YORK, | |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

Plaintiff Shantik Smith, who currently is incarcerated at West Facility on

Rikers Island, is proceeding *pro se* and *in forma pauperis*.  He filed a complaint

under 42 U.S.C. § 1983, alleging that the City of New York violated his right to

practice his Muslim religion during his detention at West Facility and at the

Eric M. Taylor Center ("EMTC").  (Dkt. #1 ("Complaint" or "Compl.")).  The

following facts are taken from the Complaint regarding events occurring

between March 7, 2024, and April 10, 2024:[1]

On an unspecified date at EMTC, Plaintiff was forced to submit to a

public strip search, in front of other detainees, in violation of his sincerely held

religious belief that men may not stand naked in front of other men.

(Compl. 13-14).  Plaintiff further alleges that, during Ramadan in 2024: (i) he

was not allowed to attend Muslim services; and (ii) he was not provided a

double portion of food with which to break his fast (or a pre-packaged meal to

---

[1]     There are some slight inconsistencies in Plaintiff's Complaint regarding the relevant
dates. On page 13, Plaintiff asserts that the underlying events occurred between
March 7, 2024, and March 21, 2024.  (Compl. 13).  On page 7, however, Plaintiff
indicates that other incidents also took place between March 21, 2024, and April 5,
2024.  (*Id.* at 7).  And on page 15, Plaintiff states that additional events occurred up
until April 10, 2024.  (*Id.* at 15).

eat the following morning before his fast resumed), and as a result he went hungry. Plaintiff appears to allege that these incidents happened at EMTC between March 11, 2024, and March 22, 2024, and at West Facility between March 22, 2024, and April 10, 2024. (*Id.* at 13-15). Finally, according to Plaintiff, rabbis, chaplains, and priests are made available to detainees at West Facility, but no imam was ever provided to the Muslim detainees. (*Id.* at 15-16).

In response to questions from the Court during a telephone conference on September 24, 2025, Plaintiff stated his intention to pursue claims against individual New York City Department of Correction ("DOC") officers.

## DISCUSSION

### A.    Adding Doe Defendants

In light of Plaintiff's *pro se* status and clear intention to assert claims against individual DOC correction officers whose identities are not currently known, the Court directs the Clerk of Court, under Federal Rule of Civil Procedure 21, to amend the caption of this action to add as Defendants "John and Jane Doe Correction Officers 1-5." *See* Fed. R. Civ. P. 21.

### B.    Identifying the Individual Defendants

Under *Valentin* v. *Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Complaint, Plaintiff appears to supply sufficient information to permit the DOC to identify the correction officers who were involved in the alleged events at EMTC and West Facility between March 7, 2024, and April 10, 2024.

Pursuant to the electronic service agreement between the Court and DOC, the Clerk of Court is directed to electronically notify the New York City Law Department (the "Law Department") and DOC of this Order.  The court directs the Law Department, which is the attorney for and agent of DOC, to ascertain the identity and badge number of each John or Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[2]  The Law Department must provide this information to Plaintiff and the Court within **sixty days** of the date of this Order.

Within **thirty days** of receiving this information, Plaintiff must file an amended complaint naming the Doe defendant(s).[3]  The amended complaint

---

[2]    Insofar as there are discrepancies in the dates Plaintiff provides, DOC records should assist with determining Plaintiff's exact whereabouts during the time period at issue and which DOC employees were involved in the alleged incidents.  If a Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility.  If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential service address.

[3]    Plaintiff is also reminded of the Court's discussions regarding the pleading requirements for a claim against the City of New York.  In particular, under *Monell* v. *Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978), and cases following it, municipalities are not subject to liability for Section 1983 claims under a theory of *respondeat superior*, but rather on the basis that their policies or customs inflicted the alleged injuries.  Thus, in order to hold a municipality liable under Section 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (i) the existence of an official policy or custom that (ii) causes the plaintiff to be subjected to (iii) a denial of a constitutional right.  *Torcivia* v. *Suffolk Cnty., New York*, 17 F.4th 342, 354-55 (2d Cir. 2021).  The plaintiff may show the existence of such a policy or custom by identifying any of the following: (i) an express policy or custom; (ii) an authorization of a policymaker of the unconstitutional practice; (iii) failure of the municipality to train its employees, which failure exhibits a "deliberate indifference" to the rights of its citizens; or (iv) a practice of the municipal employees that is "so permanent and well settled as to imply the constructive acquiescence of senior policymaking officials."  *Corley* v. *Vance*, 365 F. Supp. 3d 407, 438 (S.D.N.Y. 2019), *aff'd sub nom. Corley* v. *Wittner*, 811 F. App'x 62 (2d Cir. 2020) (summary order).

will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff should complete is attached to this Order.  Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking the newly identified defendants to waive service.

## C.    Referral to SDNY Federal Pro Se Legal Assistance Project

Plaintiff may seek legal advice and assistance from the City Bar Justice Center ("CBJC"), which operates the SDNY Federal *Pro Se* Legal Assistance Project to assist self-represented parties with civil cases in this court.  Attached to this Order are an informational flyer regarding their services and a retainer form for incarcerated individuals.  Plaintiff is advised that the CBJC is a private organization that is not part of the Court, and it cannot accept filings on behalf of the Court.

## CONCLUSION

The Court directs the Clerk of Court to amend the caption of this action to add as Defendants "John and Jane Doe Correction Officers 1-5."  *See* Fed. R. Civ. P. 21.

The Clerk of Court is further directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order.  The Court requests that the New York City Law Department respond as directed to this Order.

Finally, the Clerk of Court is directed to mail a copy of this Order to Plaintiff at his address of record.

4

SO ORDERED.

Dated:  September 26, 2025
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**

under the

Civil Rights Act, 42 U.S.C. § 1983

(Prisoner Complaint)

Jury Trial:  ☐ Yes  ☐ No

(check one)

I.      **Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name _____

                 ID # _____

                 Current Institution _____

                 Address _____

                 _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1     Name _____ Shield #_____

                    Where Currently Employed _____

                    Address _____

                    _____

*Rev. 05/2010*                              1

Defendant No. 2     Name _____ Shield #_____

                                Where Currently Employed _____

                                Address _____

                                          _____

Defendant No. 3     Name _____ Shield #_____

                                Where Currently Employed _____

                                Address _____

                                          _____

Defendant No. 4     Name _____ Shield #_____

                                Where Currently Employed _____

                                Address _____

                                          _____

Defendant No. 5     Name _____ Shield #_____

                                Where Currently Employed _____

                                Address _____

                                          _____

## II.     Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     In   what   institution   did   the   events   giving   rise   to   your   claim(s)   occur?

        _____

        _____

B.     Where   in   the   institution   did   the   events   giving   rise   to   your   claim(s)   occur?

        _____

        _____

        _____

C.     What   date   and   approximate   time   did   the   events   giving   rise   to   your   claim(s)   occur?

        _____

        _____

        _____

D.    Facts: _____

| | |
|---|---|
| **What happened to you?** | _____ |
| | _____ |
| | _____ |
| | _____ |
| | _____ |
| **Who did what?** | _____ |
| | _____ |
| | _____ |
| | _____ |
| **Was anyone else involved?** | _____ |
| | _____ |
| | _____ |
| | _____ |
| **Who else saw what happened?** | _____ |
| | _____ |
| | _____ |
| | _____ |
| | _____ |

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

       Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

B.     Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

       Yes _____     No _____     Do Not Know _____

C.     Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

       Yes _____     No _____     Do Not Know _____

       If YES, which claim(s)?  _____

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

       Yes _____     No _____

       If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

       Yes _____     No _____

E.     If you did file a grievance, about the events described in this complaint, where did you file the grievance? _____

       1.     Which claim(s) in this complaint did you grieve?  _____

              _____

       2.     What was the result, if any?  _____

              _____

       3.     What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.  _____

              _____

              _____

              _____

              _____

F.     If you did not file a grievance:

       1.     If there are any reasons why you did not file a grievance, state them here:  _____

              _____

              _____

              _____

              _____

       2.     If you did not file a grievance but informed any officials of your claim, state who you informed,

when and how, and their response, if any:_____

_____

_____

_____

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _____

_____

_____

_____

_____

_____

_____

_____

**Note:**    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you

are seeking and the basis for such amount). _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**VI.    Previous lawsuits:**

On these claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

*Rev. 05/2010*

5

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

 1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

 2. Court (if federal court, name the district; if state court, name the county) _____
   _____

 3. Docket or Index number _____

 4. Name of Judge assigned to your case _____

 5. Approximate date of filing lawsuit _____

 6. Is the case still pending?  Yes _____  No _____

   If NO, give the approximate date of disposition _____

 7. What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
   _____
   _____

**On other claims**

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
 Yes _____  No _____

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

 1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

 2. Court (if federal court, name the district; if state court, name the county) _____
   _____

 3. Docket or Index number _____

 4. Name of Judge assigned to your case _____

 5. Approximate date of filing lawsuit _____

 6. Is the case still pending?  Yes _____  No _____

   If NO, give the approximate date of disposition _____

 7. What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
   _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff        _____

Inmate Number           _____

Institution Address       _____

                                    _____

                                    _____

                                    _____

<u>**Note**</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## HOW TO ACCESS OUR SERVICES

For assistance, please reach out to us via mail at:

**Thurgood Marshall Federal Courthouse**
**CBJC Pro Se Legal Assistance Project**
**40 Foley Sq LL22**
**New York, NY 10007.**



Upon receipt of your letter, we will follow up with application materials.

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self- represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project **assists incarcerated litigants** on a variety of federal legal issues, including 1983 matters, civil rights cases, and others.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist individuals by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

## <u>LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT</u>

This agreement explains the terms of the limited legal assistance that the City Bar Justice Center ("CBJC") has agreed to perform for you through its Federal Pro Se Legal Assistance Projects ("Projects"). Writing your name at the end demonstrates your agreement to the terms herein.

### I.    LIMITS OF ASSISTANCE

The Projects agree to provide only limited scope legal assistance in connection with your matter. This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. CBJC is not your attorney of record in this matter. In the event that you are or become a party to a case in the Eastern District of New York or the Southern District of New York or any other forum, CBJC will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. CBJC has no obligation to enter into any such agreement.

- CBJC has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers this consultation only. CBJC can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- CBJC has not agreed to represent or assist you on any other matter in the future. If CBJC does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. CBJC will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that CBJC has sole discretion to decide whether it will provide any additional future consultations.

- You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment at the Projects in the Eastern District or the Southern District.

## II.     FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

CBJC does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. CBJC's assistance does not guarantee success or any particular outcome but that CBJC will provide competent assistance.

## III.     TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving CBJC's limited scope assistance at any time. CBJC may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If CBJC chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

## IV.     COSTS OF LITIGATION

Filing a lawsuit or defending against a case when you are sued can involve costs. You are responsible for all costs, including filing fees. The CBJC will not pay for any costs associated with your case. The Court may allow you to proceed without paying filing fees (this is called "proceeding in *forma pauperis*"). Whether you are allowed to proceed in *forma pauperis* is entirely up to the Court.

## V.     CONFIDENTIALITY

CBJC will take all reasonable steps to maintain any information you provide as confidential.

## VI.     REVIEW AND CONSENT

If you have questions or concerns, please leave a voicemail for the Project at (212) 382-4794, and someone will call you back to discuss this agreement.

By signing and writing today's date below, you indicate that you: have had an opportunity to discuss this agreement with CBJC or another Attorney of your choice; have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

_____          _____
Signature                                                                              Date

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

Name: _____ Date of Birth: _____

Facility: _____ Identification # _____

**How did you hear about our clinic? (circle one)**

Pro Se Intake Office          Website                    Conference/Hearing with the Judge

Pro Se Information Package    Friend/Family              Order/Letter from the Judge

Other: _____

**Do you already have an open case with the federal court? (circle one)    Yes    No**

**If yes, what is your case number? _____**

**If yes, which courthouse is it in? (circle one)        Manhattan            White Plains**

**Ethnicity? (circle one)**

Asian/Pacific Islander        Hispanic                   Caucasian

Black                         Middle Eastern             Decline to answer

African                       Caribbean                  Other:_____

Native American               South Asian

**Gender? _____**

**Education level? (circle one)**

8th grade or less             GED                        2-4 years of college/vocational school

Some high school              College graduate           Decline to answer

High school graduate          Graduate degree

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

**Immigration status? (circle one)**

U.S. citizen (born in U.S.)    Naturalized U.S. citizen    Legal Permanent Resident

(Born in:_____)

No lawful status    Decline to answer    Other:_____

**Marital status? (circle one)**

Single    Married

Divorced    Separated

Widowed    Decline to answer

**Do you have a disability? (circle all that apply)**

No    Mental health    Vision

Hearing    Mobility    Memory

Homebound    Decline to answer    Other:_____

**What is your primary language?** _____

**LGBTQ+? (circle one)**    Yes    No    Decline to answer

**Veteran?** _____

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**